**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1268**

_____

ROSE C. MERCHANT, Individually,

              Plaintiff - Appellant,

         v.

PRINCE GEORGE'S COUNTY MARYLAND; JACK B. JOHNSON,
Individually; DONALD E. BRIDGEMAN, Individually; BARRY L.
STANTON, Individually; ALFRED J. MCMURRAY, SR.; JOHN DOE "1"
THROUGH JOHN DOE "20," Both inclusive; John Doe "1" through
John Doe "20" regardless of number being each a separate
individual and being fictitious and unknown to the Plaintiff
the persons or parties intended being former and or current
Prince George's County Maryland Employees,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District
Judge.  (8:09-cv-00256-DKC)

_____

Submitted:  June 7, 2011               Decided:  June 21, 2011

_____

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ardra M. O'Neal, THE O'NEAL FIRM, Washington, D.C., for
Appellant.  Tonia Y. Belton-Gofreed, Associate County Attorney,
Upper Marlboro, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Rose C. Merchant appeals the district court's order granting summary judgment to the Defendants on her claims of employment-related gender discrimination and retaliation. We affirm.

This court reviews de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the non-moving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment may be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); see also Scott v. Harris, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." (internal quotation marks omitted)). For a non-moving party to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power

3

<u>Co.</u>, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Merchant first argues that the district court improperly granted summary judgment on her discrimination claim without permitting her an adequate opportunity to conduct discovery. We review such a claim for abuse of discretion. <u>Harrods Ltd. v. Sixty Internet Domain Names</u>, 302 F.3d 214, 244 (4th Cir. 2002). Merchant failed to file an affidavit with the district court requesting additional time for discovery pursuant to Fed. R. Civ. P. ("Rule") 56(d). Instead, she chose to notify the district court of her desire for discovery through statements in her opposition to the Defendants' motions for summary judgment.

We need not review Merchant's claim given her failure to avail herself of the proper procedure. <u>Nguyen v. CNA Corp.</u>, 44 F.3d 234, 242 (4th Cir. 1995) ("[A] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f)[1] to set out reasons for the need for discovery in an affidavit." (internal quotation marks and citation omitted)); <u>Laughlin v. Metro. Washington Airports</u>

---

[1] Rule 56(f) was the predecessor of Rule 56(d). Subsection (d) carries forward without substantial change the provisions of former subsection (f).

<u>Auth.</u>, 149 F.3d 253, 261 (4th Cir. 1998). Merchant's nonspecific requests for discovery in her opposition memorandum did not serve as a "functional equivalent" of a Rule 56(d) affidavit within the meaning of <u>Harrods Ltd.</u>, 302 F.3d at 244-45. Under the rule, Merchant was required to state "specified reasons" why she could not "present facts essential to justify [her] opposition." Merchant failed in this regard. The district court thus did not abuse its discretion in refusing Merchant's request for discovery.[2]

Merchant also challenges the denial of her retaliation claim. In assessing such a claim, the first step is to analyze whether the plaintiff set forth a prima facie claim by establishing that: (1) she engaged in protected conduct; (2) she suffered an adverse action; and (3) a causal link existed between the protected activity and the adverse action. <u>Laber v. Harvey</u>, 438 F.3d 404, 432 (4th Cir. 2006) (en banc).

We agree with the district court that Merchant failed to demonstrate that she engaged in protected conduct. Although her complaint made general mention that she complained of gender discrimination to her employer, she failed to bring forth the

---

[2] Merchant also attempts to recast her denial-of-discovery argument into a contention that the district court failed to draw inferences in her favor and instead based its ruling entirely on evidence submitted by the Defendants.

sort of specific factual support necessary for her, the party laboring under the burden of proof, to withstand a motion for summary judgment. Celotex Corp., 477 U.S. at 324.

Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED